UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**BRIANNA M. JACKSON**,

                          Plaintiff,

                    **DECISION AND ORDER**
v.                         1:17-CV-00351-RJA

**NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY**,

                          Defendant.

---

## INTRODUCTION

Plaintiff Brianna M. Jackson ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income under Title XVI of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 18 and 21). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings and **DENIES** Plaintiff's motion for judgment on the pleadings.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ improperly substituted her lay opinion for that of the physicians regarding the limitation of reaching; and that the ALJ failed to comply with the Appeal Council's remand order. The Court finds that substantial evidence upholds the ALJ's formulation of Plaintiff's residual functional capacity ("RFC")

for reaching and that the ALJ did not rely on her own lay opinion. The Court also finds that the ALJ followed the Appeals Council's instructions on remand.

*Plaintiff's argument that the ALJ substituted her lay opinion for that of the physicians*

Specifically, Plaintiff argues that the ALJ "reject[ed] all medical opinions regarding Ms. Jackson's reaching limitations and then proceeded to assess those limitations based on her own reading of the diagnostic and clinical findings." (Dkt. 18 at 24). Plaintiff also argues that the ALJ impermissibly gave more weight to non-treating sources over treating sources. *See* (Dkt. 18 at 24). These arguments are without merit.

There is nothing in the record to support the argument that the ALJ relied on the diagnostic and clinical findings to formulate an RFC; in fact, the ALJ credited several treating and non-treating physicians for their opinions and did not "reject" any opinions related to reaching. Indeed, the ALJ incorporated a reaching limitation within the RFC out of an abundance of caution due to two physicians' opinions of a more restrictive ability to reach than much of the evidence supports. *See, e.g.*, *Hollaway v. Colvin*, No. 14-CIV-5165(RA)(HBP), 2016 WL 1275658 (S.D.N.Y. Mar. 31, 2016) (upholding ALJ's RFC that incorporated a postural maneuvering limitation, out of an abundance of caution, even though evidence in the record did not necessarily support such a limitation).

Additionally, the ALJ may assign greater weight to the opinion of a non-treating source when that opinion is better supported by the record. *See Ridosh v. Berryhill*, No. 16-CV-6466L, 2018 WL 6171713, at *6 (W.D.N.Y. Nov. 26, 2018). Here, the record contained ample opinion evidence related to Plaintiff's mental and physical functional limitations which supports the ALJ's RFC formulation. Among these opinions, for example, the ALJ gave great weight to consultative examiner Dr. Santarpia, who found only mild difficulties performing complex tasks (Tr. 1015); "somewhat less weight" to three other psychiatric consultative examiners, since they did not personally examine Plaintiff, but also finding mild mental limitations (Tr. 1014); "substantial" weight to Dr. Miller and Morgan Brynildsen, P.A., who both opined that Plaintiff had "moderate" limitations in lifting/carrying, pushing/pulling, and bending, and no other limitations. (Tr. 1020-21). Further, the ALJ noted that Dr. Fineberg found on examination that Plaintiff showed full

and painless cervical range of motion and full rotator cuff strength, sensation, reflexes, and full range of motion of her shoulder. (Tr. 1019).

The non-medical or opinion evidence also supported greater abilities in reaching than Plaintiff contends, giving further credence to the ALJ's RFC determination. When making an RFC determination, the ALJ considers the plaintiff's symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis, activities of daily living, and type of treatment. The RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations. 20 C.F.R. §§ 404.1529(c)(3), 20 C.F.R. § 416.929(c)(3); SSR96-7p.

The ALJ gave several explanations why she reasonably assessed Plaintiff to have a greater capacity for reaching. Most notably, Plaintiff's activities of daily living strongly support greater reaching capacity. During the alleged closed period of disability, Plaintiff attended college classes, worked part-time as a desk clerk at the Airport Holiday Inn (a few shifts per week from 7:00 a.m. to 3:00 p.m.), cleaned, cooked, drove, cared for two young children, socialized with friends and family, managed money, and took care of her personal needs. (Tr. 149,151-52, 163, 818-22, 876, 1017-18).

Plaintiff also received conservative treatment for her impairments. Considering conservative treatment, among other substantial evidence, will not be construed as relying on lay opinion and will support the ALJ's finding that Plaintiff is not disabled. *Netter v. Astrue*, 272 Fed.App'x 54, 56 (2d Cir April 2, 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 134-35 (2d Cir. 2000) ("Moreover, because the district court relied on Dr. Regalla's conservative treatment regimen merely as additional evidence supporting the ALJ's determination rather than as 'compelling' evidence sufficient in itself to overcome an 'otherwise valid medical opinion,' the district court did not impermissibly 'substitute his own expertise or view of the medical proof for the treating physician's opinion[.]'"). Plaintiff testified she treated her symptoms with physical therapy, ice, heat, and chiropractic care. (Tr. 1050, 1054).

Additionally, in 2013 Plaintiff admitted that she was not able to work full-time, take care of her children, and attend school, all at the same time, suggesting to the ALJ that Plaintiff's reasons for not working full-time were understandably due to her juggling

3

personal responsibilities—and not because of her pain or any limited range of motion alleged. (Tr. 151-52) (having been asked why Plaintiff only worked part-time at the Airport Holiday Inn, she responded "I couldn't handle working full-time, taking care of kids, and I also am in school. It was just too much."). Indeed, Plaintiff testified that though her condition apparently worsened after her June 2013 car accident and did not improve by April of 2014, she was still able to return to full-time work in 2014—less than 12 months later—after she stopped attending college classes. (Tr. 150, 1018, 1048-49). This suggests that Plaintiff did not return to work due to pain or injury, but because she stopped going to school.

The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources cited in his decision," and the ALJ is "entitled to weigh *all* of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.App'x. 53, 56 (2d Cir. 2013) (summary order) (emphasis added). The Court would note that Dr. Miller only opined that the claimant has a moderate limitation for *repetitive heavy* lifting, carrying, reaching and pushing (Tr. 821), and not a moderate limitation for overhead reaching or reaching in all directions.[1] This further supports the ALJ's decision to include the limitation of only "occasional" overhead reaching. The Court therefore finds the ALJ's determination of Plaintiff's ability to "occasionally" reach overhead is supported by substantial evidence and she did not rely on her lay opinion to formulate an RFC.

*Plaintiff's argument that the ALJ failed to comply with the Appeals Council remand order*

Plaintiff argues that this matter was remanded for the ALJ to "give further consideration to Dr. Miller's opinion and explain the weight given"; to "clarify what 'moderate' limitations mean"; and "if warranted, should re-contact Dr. Miller to clarify the opinion." (Dkt. 18 at 25) (citing to Tr. 1131). The Court finds that Dr. Miller's opinion was

---

[1] Consequently, the Court finds that the ALJ did not err when relying on the Vocational Expert's testimony where the VE provided several jobs that required mostly frequent reaching. The ALJ limited Plaintiff to occasional *overhead* reaching, and therefore, she could perform the jobs as indicated by the VE.

properly considered and the ALJ provided a sufficient explanation as to the weight given. The Court also finds that the ALJ did not err in failing to recontact Dr. Miller on remand.

The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." *Ellis v. Colvin*, 29 F.Supp.3d 288, 299 (W.D.N.Y. 2014). However, despite Plaintiff's assertion, the Appeals Council did not order the ALJ to re-contact Dr. Miller but directed the ALJ to recontact Dr. Miller *if warranted*. (Tr. 1231-32). In support of this directive, the Appeals Council explained that the RFC prior to remand did not incorporate *any* limitations for overhead reaching, despite Dr. Miller's opinion stating Plaintiff had a "moderate" limitation for "repetitive heavy lifting and carrying, reaching, and pushing," and despite the ALJ finding that Plaintiff's bursitis in the left shoulder is a severe impairment. (Tr. 1131). The Appeals Council further stated that "the decision [prior to remand] does not clarify what the term "moderate" means and or provide rationale for discounting her assessed limitations." *Id.*

In making her argument, Plaintiff leaves out some key findings from Dr. Miller related to reaching ability which support the ALJ's decision not to re-contact Dr. Miller. For example, even though Dr. Miller found a moderate limitation for repetitive reaching, Dr. Miller also found that Plaintiff had full range of motion in her shoulders, elbows, forearms, and wrists. (Tr. 1021) ("Dr. Miller opined that the claimant has a moderate limitation for repetitive heavy lifting, carrying, reaching and pushing. With respect to Dr. Miller's suggestion that the claimant has a moderate limitation for reaching, I note that Dr. Miller reported that on examination the claimant had a full range of motion of her shoulders, elbows, forearms and wrists bilaterally, with no indication of pain."). Dr. Miller also found that Plaintiff's joints were "stable and non-tender" and her upper extremity strength was "intact 5/5". (Tr. 1021). Plaintiff also indicated that she engaged in "part-time work, child care, and [attended] college classes" during the alleged closed period of disability. (Tr. 1015-1016).

Additionally, the use of terms such as "moderate", "occasional", and "mild" have been upheld by this Court and are consistent here in appropriately describing Plaintiff's

RFC. *See Perez v. Berryhill*, No. 1:17-CV-00069-Mat, 2019 WL 696911, at *7 (W.D.N.Y. Feb. 20, 2019) (citing *Jiminez v. Colvin*, No. 16-CV-6350, 2018 WL 459301, at *3 (W.D.N.Y. Jan. 18, 2018). Therefore, because Dr. Miller provided a functional assessment and did not find more severe limitations,[2] the ALJ reasonably concluded that there was no need to re-contact Dr. Miller for clarification of the term "moderate." However, to the extent that "moderate" meant a more limited restriction of Plaintiff's ability to reach (which, the ALJ points out, is not supported by Dr. Miller's own findings or the record as a whole), there is no evidence to support such a limitation, the RFC was formulated to give Plaintiff the benefit of the doubt (incorporating a reaching limitation in the RFC). *See* (Tr. 1021). Therefore, substantial evidence supports the Plaintiff's RFC. The Court also finds the ALJ fulfilled the Appeals Council directives on remand.

## CONCLUSION

Based on the foregoing, the Commissioner's motion for judgment on the pleadings (Dkt. 21) is granted. Plaintiff's motion for judgment on the pleadings (Dkt. 18) is denied. The Clerk of the Court is directed to close this matter.

**IT IS SO ORDERED.**

                                       *s/Richard J. Arcara*
                                   **HONORABLE RICHARD J. ARCARA**
                                   **UNITED STATES DISTRICT COURT**

**Dated:** July 1, 2019

---

[2] Just as the ALJ may rely on what the record shows, the ALJ may rely on what the record does not show. *See* § 404.1520(e); *see also Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983); *see also Diaz v. Shalala*, 59 F.3d 307, 315 (2d Cir. 1995) (finding that it was proper for the ALJ to rely on the absence of findings by any physician concerning plaintiff's alleged inability to sit for prolonged periods in deciding that she could resume her work as a sewing machine operator).